## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In RE:<br>Derrell Thomas Harris<br>Bridgett Archer Harris<br>　　　Debtor(s) | BCN#: 13-36544-KRH<br>Chapter: 13 |
| Seterus, Inc. As The Authorized Subservicer For Federal National Mortgage Association C/O Seterus, Inc.<br>　　　　Movant,<br>v.<br>Derrell Thomas Harris<br>Bridgett Archer Harris<br>　　　Debtor(s)<br>and<br>　Carl M. Bates<br>　　　Trustee<br>　　　Respondents. | Order Modifying Relief From Stay |

### CONSENT ORDER MODIFYING AUTOMATIC STAY

1.　　This matter came upon the Motion of Seterus, Inc. as the Authorized Subservicer for Federal National Mortgage Association c/o Seterus, Inc. ("Seterus"), for relief from the automatic stay, with respect to the real property located at 4401 Crown Squire Road, Richmond, VA 23231 and more particularly described in the Deed of Trust dated February 15, 2008 and recorded as Deed Book 4474 at Page 0643 among the land records of the said city/county, as:

> ALL THAT certain lot, piece or parcel of land with the improvements thereon and the appurtenances thereto belonging, lying and being in Henrico County, Virginia, shown and designated as Lot 50, Block D, Section 2, Kings Hill West, on a Subdivision Plat of Kings Hill West Section 2, prepared by Podie, Tayor and Puryear, dated July 1, 1985, and recorded November 6, 1985, in the Clerk's Office of the Circuit Court of Henrico County, Virginia, in Plat Book 81, pages 98-99.
>
> BEING THE SAME PROPERTY, WHICH BY DEED DATED MARCH 13, 2001 AND

James T. Cromwell, Esquire
Virginia State Bar No: 36084
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971
jtcromwell@sykesbourdon.com
*Counsel for Seterus, Inc.*

RECORDED MARCH 20, 2001 IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF HENRICO COUNTY, VIRGINIA., IN BOOK 3078, PAGE 124, INSTRUMENT NO. 010455, WAS GRANTED AND CONVEYED BY DERRELL T. HARRIS UNTO DERRELL T. HARRIS AND BRIDGETT A. HARRIS.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

UPON consideration of which, it is ORDERED:

1. That debtor will resume making regular monthly installment payments (subject to adjustments due to interest rate changes or escrow changes) as they become due commencing on November 1, 2018. Late payments will include applicable late charges (subject to change due to adjustments of monthly principal and interest payment).

2. The Debtor will cure the post-petition arrearage currently due to the Movant in the amount of $6,673.90 through October 1, 2018, which includes filing fees of $181.00 and attorney fees of $850.00, by applying for and submitting all necessary information and documentation necessary to be considered for a written modification of the terms of the promissory note secured by the Movant's deed of trust encumbering the Property. The Debtor must file the appropriate pleadings with the court and obtain court approval of the terms of any loan modification agreement within 120 days of the entry of this order in accordance with Local Rule 6004-4. Any loan modification agreement reached between the Movant and the Debtor shall be considered valid only after it has been approved by order of the court.

3. In the event, that, 120 days from the date of entry of this order, the loan modification has not been completed, the Debtor's application for the loan modification has been denied, or the debtor has not obtained court approval of the terms of the loan modification agreement, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid or by email at the same time as notice of default is mailed to the Debtor.

   The notice of default will state in simple and plain language:

   a. That the Debtor is in default in timely obtaining court approval of loan modification

agreement and is currently post-petition delinquent.

    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default,;

    c. The action necessary to cure the default, including any address to which payments must be mailed;

    d. That the Debtor or Trustee must take one of the following actions within 14 days after the date of mailing of the notice of default:

        i. Cure the default;

        ii. File an objection with the court stating that no default exists; or

        iii. File an objection with the court stating any other reason why an order granting relief from automatic stay should not be entered;

    e. That if the Debtor or Trustee do not take one of the actions set forth in paragraph 3(d) the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from automatic stay without further notice to the Debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Debtor nor the Trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor`s counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, Movant must obtain relief by filing a new motion for relief from stay with appropriate notice of hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or

      apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorneys fees in the amount of $75.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Oct 26 2018

/s/ Kevin R Huennekens
_____
United States Bankruptcy Judge
EASTERN District of Virginia

Entered on Docket: Oct 29 2018

I ask for this:

/s/ James T. Cromwell
James T. Cromwell, Esq.
Counsel for Movant

Seen and Agreed:

/s/ Amanda E. DeBerry   (permission to affix /s/ given by email 10/16/2018 @ 3:14p.m.)
Amanda E. DeBerry, Esq.
Counsel for Debtor

Seen:

/s/ Carl M. Bates (permission to affix /s/ given by email 10/17/2018 @ 1:05p.m.)
Carl M. Bates, Trustee

**Certification**

    I hereby certify that this proposed Order is substantially in compliance with Standing Order No. 10-2 and that is has been endorsed by all necessary parties.

           /s/ James T. Cromwell
           James T. Cromwell, Esq.

**Local Rule 9022-1(C) Certification**

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

           /s/ James T. Cromwell
           James T. Cromwell

The Clerk shall mail a copy of the entered Order to the following:

Derrell Thomas Harris
4401 Crown Squire Road
Richmond, VA 23231

Bridgett Archer Harris
4401 Crown Squire Road
Richmond, VA 23231

Patrick Thomas Keith
P.O. Box 11588
Richmond, VA 23230

Carl M. Bates
P.O. Box 1819
Richmond, VA 23218